UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────────

DESMOND GRANT,

                        Plaintiff,

    v.

SGT. EDWARD CONDON, et al.,

                        Defendants.

───────────────────────────────────

14-CV-6514-FPG

DECISION AND ORDER

## INTRODUCTION

*Pro se* Plaintiff Desmond Grant brings this civil rights action pursuant to 42 U.S.C. § 1983 against Sergeant Edward Condon, Correction Officers David Buchetti, Leo Franklin, Eric Jodoin, and Kevin Brun, and Registered Nurses Vince Hawley and Paula Wassink. ECF No. 25. Plaintiff alleges that Defendants Buchetti, Franklin, Jodoin, and Brun assaulted him outside his cell in retaliation for testifying on another inmate's behalf and filing grievances. Plaintiff claims that Defendant Condon failed to protect him and instead joined in the assault, and that Defendants Hawley and Wassnick provided inadequate medical care for his resulting injuries.

Defendants now move for summary judgment, arguing that Plaintiff's Amended Complaint should be dismissed for failure to exhaust administrative remedies or, at a minimum, that Plaintiff's inadequate medical care claim should be dismissed. ECF No. 42-7. Plaintiff filed several letters requesting extensions of time to respond to Defendants' motion because his legal materials have gone missing or were otherwise destroyed during a cell search. *See* ECF Nos. 44, 45, 47, 49. However, none of Plaintiff's filings substantively respond to Defendants' motion.

On January 22, 2018, the Court granted Plaintiff a final extension of time and provided Plaintiff a copy of his Amended Complaint and the Summary Judgement Motion. ECF No. 50.

1

The Court warned Plaintiff that it would not grant additional extensions of time and that, if Plaintiff failed to respond to Defendants' motion, the Court would not delay issuing a ruling on the merits. Accordingly, for the reasons that follow, Defendants' motion is GRANTED and the case dismissed.

## DISCUSSION

**I.      Summary Judgment Standard**

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See id.* at 255.

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. When the moving party has met this initial responsibility, the non-moving party must come forward with "specific facts showing a genuine issue [of material fact] for trial." Fed. R. Civ. P. 56(e)(2). Indeed, "mere conclusory allegations or denials" are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980).

Because Plaintiff is proceeding *pro se*, his submissions are read liberally and interpreted "to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (citation omitted). Nevertheless, proceeding *pro se* does not relieve a litigant from the usual summary judgment requirements. *See Wolfson v. Bruno*, 844 F. Supp. 2d 348, 354 (S.D.N.Y. 2011). When a *pro se* plaintiff fails to oppose a summary judgment motion after he has been warned of the consequences of such a failure, "summary judgment may be granted as long as the Court is satisfied that the undisputed facts 'show that the moving party is entitled to judgment as a matter of law.'" *Almonte v. Pub. Storage Inc.*, No. 11 Civ. 1404 (DLC), 2011 WL 3902997, at *2 (S.D.N.Y. Sept. 2, 2011) (quoting *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996)).

Because *pro se* litigants are generally unfamiliar with the procedural requirements of summary judgment motions, they are provided with a specific notification when the motion is filed. *See Irby v. New York City Transit Auth.*, 262 F.3d 412, 414 (2d Cir. 2001); *see also* Loc. R. Civ. P. 56(b). Here, the record shows that Plaintiff was served with the requisite notice informing him of his obligation to respond, his burden of producing evidence in opposition, and that Defendants' factual statements may be accepted as true if he did not respond. ECF No. 42-2.

## II. Undisputed Material Facts

Federal Rule of Civil Procedure 56(e)(2) provides that if a party "fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion." The same rule is contained in Local Rule of Civil Procedure 56(a)(2), which provides that:

> The papers opposing a motion for summary judgment shall include a response to each numbered paragraph in the moving party's statement, in correspondingly numbered paragraphs and, if necessary, additional paragraphs containing a short and concise statement of additional material facts as to which it is contended there exists a genuine issue to be tried. Each numbered paragraph

> in the moving party's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement.

Here, Plaintiff's letters, even if construed as responses, do not substantively respond to the arguments and issues raised in Defendants' motion. *See* ECF Nos. 44, 45, 47, 39. Indeed, even after this Court granted Plaintiff multiple extensions of time and mailed him copies of the Amended Complaint and Summary Judgment Motion, Plaintiff failed to file responsive papers. Because Plaintiff did not respond to Defendants' statement of material facts, the Court considers Defendants alleged facts—which are supported by citations to evidence in admissible form—to be undisputed in accordance with these rules. *See Gubitosi v. Kapica*, 154 F.3d 30, 31 n.1 (2d Cir. 1998).

### III. Background

Plaintiff was involved in a use of force at Attica Correctional Facility on March 1, 2012. He alleges that he was assaulted in retaliation for testifying on another inmate's behalf at a disciplinary hearing held in February 2012 and for filing grievances against officers. ECF No. 25 at 3. Plaintiff alleges that Defendant Brun initiated the attack and called for Defendants Franklin, Jodoin, and Buchetti to join. Defendant Condon allegedly failed to protect Plaintiff and instead joined in the assault.

Plaintiff was taken to the infirmary, where Defendant Hawley examined him and noted a scratch on his forehead, a scratch and swelling on his left eye, and abrasions on his right elbow and mid-back. ECF No. 42-2 at 5-9. Hawley also noted that Plaintiff complained that his wrists, back, knees, ribs, and left ankle hurt. *Id*. He instructed Plaintiff to keep the areas clean and follow up at sick call as needed. *Id*. Plaintiff states that he suffered various injuries that made it difficult to walk or move his right arm for days. ECF No. 25 at 3.

**IV.    Analysis**

Defendants argue that Plaintiff's Amended Complaint must be dismissed because Plaintiff failed to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. 1997(e).  In New York, prison inmates must follow a three-tiered grievance procedure.  An inmate must first file a grievance with the Inmate Grievance Resolution Committee ("IGRC").  N.Y. Comp. Codes R. & Regs., tit. 7 §§ 701.5(a)(1), (b).  An adverse decision from the IGRC may be appealed to the facility Superintendent.  *Id*. § 701.5(c).  Adverse decisions at the Superintendent's level may be appealed to the Central Office Review Committee ("CORC").  *Id*. at § 701.5(d).

"The [PLRA] mandates that an inmate exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions."  *Ross v. Blake*, 136 S. Ct. 1850, 1854-55 (2016) (quoting 42 U.S.C. § 1997e(a)).  The Supreme Court has therefore interpreted the PLRA to require exhaustion of administrative remedies in all circumstances as long as those remedies were actually available to the inmate.  *Id*. at 1856-58.  Thus, pursuant to the PLRA, exhaustion must be completed before suit is filed. *See Neal v. Goord,* 267 F.3d 116, 121-22 (2d Cir. 2001), *abrogated in part on other grounds by Porter v. Nussle,* 534 U.S. 516 (2002).  "Because failure to exhaust is an affirmative defense, defendants bear the burden of showing by a preponderance of the evidence that a plaintiff has failed to exhaust his available administrative remedies." *Casey v. Brockley*, No. 13-CV-01271 DNH/TWD, 2015 WL 8008728, at *4 (N.D.N.Y. Nov. 9, 2015), *report and recommendation adopted*, 2015 WL 7864161 (N.D.N.Y. Dec. 3, 2015).

At his deposition, Plaintiff testified that he filed a grievance relating to the incident, but no longer has a copy of it.  ECF No. 42-6 at 178-80.  He admitted, however, that he did not get a response to the grievance and did not file an appeal.  *Id*. at 179.  Plaintiff said that he asked the

"grievance representative" to look into the status of his grievance and was informed that he was "too late, and they would not address the issue." *Id.* at 180. The Court notes that two grievances are attached to Plaintiff's pleadings, but these grievances relate to incidents alleged to have occurred on February 3 and 18, 2012. ECF No. 1 at 21-24; ECF No. 4 at 13-16. Plaintiff stated that these incidents were "the catalyst" for the retaliatory March 1, 2012 assault. ECF No. 42-6 at 17.

Defendants submitted evidence, including affidavits from the Inmate Grievance Program ("IGP") Supervisor and the Assistant Director of the IGP, establishing that there is no record of a grievance filed with the IGRC or an appeal decided by CORC relating to the March 1, 2012 incident. ECF Nos. 42-3; 42-5; 42-7 at 4. In his letters, Plaintiff complains that he does not have access to his legal materials, including the missing copy of his original grievance, and suggests that this is due to misconduct within the prison system. *See* ECF No. 44 at 1; ECF No. 45 at 2-4; ECF No. 47 at 2; ECF No. 49 at 2.

Where, as here, there is no record of the alleged grievance or an appeal, Plaintiff has failed to exhaust his administrative remedies. *Heyliger v. Gebler*, No. 06-CV-6220-FPG, 2014 WL 4923140, at *4 (W.D.N.Y. Sept. 30, 2014), *aff'd*, 624 F. App'x 780 (2d Cir. 2015) ("It is well-settled that any failure to respond to a grievance by DOCCS staff can—and must—be appealed to the next level, including CORC, to complete the grievance process."). Accordingly, Defendants have demonstrated that Plaintiff failed to exhaust his available administrative remedies before filing suit and therefore they are entitled to judgment as a matter of law.

## **CONCLUSION**

For the reasons stated, Defendants' Motion for Summary Judgment (ECF No. 42) is GRANTED, and Plaintiff's Amended Complaint (ECF No. 25) is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Order would not be taken in good faith and that leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated: March 10, 2018
       Rochester, New York

                                              HON. FRANK P. GERACI, JR.
                                              Chief Judge
                                              United States District Court